United States District Court
Southern District of Texas
**ENTERED**
April 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONNIE DEWAYNE MARVEL, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-31 |
| | § | |
| LORIE  DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary conviction. (D.E. 1). Pending is Respondent's Motion for Summary Judgment and Petitioner's Response.  (D.E. 11 and D.E. 15).  For the reasons stated below, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** (D.E. 11) and that this habeas petition be **DISMISSED**.

### I.    JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined or where the conviction was obtained. *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000). Petitioner is currently incarcerated in Beeville, Texas.  Therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6).

## II.      BACKGROUND

On July 15, 2019, Petitioner was charged in Case Number 20190268689 with violating TDCJ Disciplinary Offense Code 10.0 ("Act defined as a felony by the laws of Texas")[1] after he and two other inmates physically assaulted another inmate in a cell the morning of July 9, 2019 at the Lynaugh Unit in Fort Stockton, Texas.  (D.E. 1, Page 5; D.E. 9-1, Page 3; D.E. 9-2, Page 7 and D.E. 9-3, Page 6).   At the disciplinary hearing, after Petitioner entered a plea of "none" and declined to give a statement, based on the charging officer's report and testimony the punishment included: (1) loss of 60 days of commissary privileges; (2) loss of 60 days telephone system privileges (OTS); (3) a reduction in line class status; and (4) a loss of 180 days good time credit.  (D.E. 9-2, Page 3 and D.E. 11, Page 4).[2]   On July 22, 2019, Petitioner filed a Step 1 Grievance, signed by Petitioner on July 21, 2019, which was denied on July 29, 2019.  (D.E. 9-1, Pages 2-4). Petitioner then alleges he filed a Step 2 Grievance on August 6, 2019.  (D.E. 1, Page 7). However, there is no record of him having done so.  (D.E. 9).

Petitioner filed this habeas petition on January 20, 2020, after he was transferred to the McConnell Unit in Beeville, Texas, challenging his disciplinary conviction, alleging: (1) his substitute counsel failed to call or to obtain a written statement from a requested witness; (2) there was insufficient evidence to support the charges; and (3) the

---

[1]TDCJ-CID Disciplinary Rules and Procedures for Offenders can be accessed at https://www.tdcj.texas.gov/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf (last visited March 27, 2020).  The specific Texas statute Plaintiff was charged with violating was Texas Penal Code Art. 71.02, Engaging in Organized Criminal Activity.

[2]Many of the records filed by Respondent are faded and cannot easily be read.  However, the relevant records related to the pending motion are legible.  In future cases, Respondent shall ensure that all records are appropriately filed.

punishment received was excessive.  (D.E. 1, Pages 7-9 and 11).  On March 19, 2020, Respondent filed a Motion for Summary Judgment asserting Petitioner's claims are unexhausted and procedurally barred or, alternatively, without merit.  (D.E. 11).  In his response, Petitioner now asserts he filed a Step 2 Grievance on August 30, 2019 and therefore, his claims are not unexhausted or barred.  (D.E. 15, Page 1). Petitioner states he filed a Step 2 Grievance on August 30, 2019, submitting a copy of a Step 2 Grievance signed by Petitioner and dated August 30, 2019, marked as received by prison officials on February 18, 2020 and denied on March 7, 2020.  (D.E. 15, Pages 1 and 6-7).

### III.    SUMMARY JUDGMENT

In deciding a motion for summary judgment, the district court must determine there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Petitioner seeks federal habeas corpus relief for a prison disciplinary conviction that resulted in the loss of good-time credits and other miscellaneous sanctions.  Generally, Rule 56 applies to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000).

Once the movant presents a properly supported motion for summary judgment the burden shifts to the non-movant to present significant evidence of the existence of a genuine issue of material fact.  *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citation omitted).  Considering these standards, the undersigned has reviewed Petitioner's claims and Respondent's Motion for Summary Judgment.

## IV.    DISCUSSION

Respondent argues Petitioner's habeas petition should be dismissed because he did not properly exhaust his administrative remedies as to any of his allegations.   The undersigned agrees.   A state prisoner must generally exhaust all available state remedies before proceeding in federal court.   28 U.S.C. § 2254(b) and (c).   Texas state prisoners are not required to file a state habeas petition challenging their disciplinary proceedings before filing suit in federal court, however, they must first fully exhaust prison grievance procedures.   *Gartrell v. Gaylor*, 981 F.2d 254, 258 (5th Cir. 1993); *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) (Texas courts do not hear appeals of prison disciplinary proceedings); *Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim. App. 1985) (same).   TDCJ uses a two-step grievance process and a prisoner must properly present his claims in both steps to exhaust his administrative remedies.   *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).   Any claim that is not exhausted is procedurally barred from federal habeas review.

Here, Petitioner did not properly exhaust his administrative remedies.   There is no dispute that Petitioner timely filed a Step 1 Grievance.   (D.E. 9-1, Page 3 and D.E. 11, Page 4).   TDCJ disciplinary rules require all Step 1 grievances to be filed within 15 days after the disciplinary hearing at issue. *See* TDCJ-CID Offender Orientation Handbook, https://www.tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf    at Pages 73-75 (last visited on April 13, 2020) (Step 1 Grievances must be submitted within 15 days of the disciplinary hearing and Step 2 Grievances must be submitted within 15 days from the denial of Step 1 Grievance).   Petitioner's disciplinary hearing was held on

July 15, 2019, and he filed a Step 1 Grievance challenging the punishment assessed at that hearing on July 22, 2019.  (D.E. 9-1, Pages 3-4 and D.E. 9-2, Page 3).  Petitioner's Step 1 Grievance was denied on July 29, 2019.  (D.E. 9-1, Page 4).  Respondent asserts Petitioner did not file a Step 2 Grievance. (D.E. 9-1).  Petitioner asserts he did file a Step 2 Grievance on August 30, 2019.  (D.E. 15, Page 1).  However, while the Step 2 Grievance he submits is signed by Petitioner and dated August 30, 2019, it is marked as received by prison officials on February 18, 2020 and denied on March 7, 2020.  (D.E. 15, Pages 6-7).  Even taking Petitioner's assertion as true, that he filed the Step 2 Grievance on August 30, 2019, this was still well beyond the 15-day deadline Petitioner had to file a Step 2 Grievance as Petitioner's Step 2 Grievance was due on or before August 13, 2019.  However, the form itself says it was received by prison officials on February 18, 2020, over six months past the deadline.  As such, Petitioner failed to present his grievance in a procedurally correct manner and his claims are unexhausted. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (exhaustion requires that inmates comply with prison administrative rules); *Morris v. Dretke*, 413 F.3d 484, 491-92 (5th Cir. 2005) (explaining that habeas relief may be granted upon showing of "cause for defaults and actual prejudice," or "that 'failure to consider the claims will result in a fundamental miscarriage of justice.'") (citations omitted).  The undersigned recommends Petitioner has failed to allege any valid circumstance which would allow the Court to excuse the exhaustion requirement.  He has provided no reason for his failure to exhaust his claims and does not deny that he was involved in the altercation at issue, although he disputes the role he played and the extent of his physical involvement.  Accordingly, it is

respectfully recommended that Petitioner's claims are unexhausted and should, therefore, be dismissed.

However, as it appears TDCJ considered the merits of Petitioner's late-filed Step 2 Grievance, the undersigned has also alternatively considered the merits of Petitioner's claims.  Federal habeas corpus petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson* 507 U.S. 619, 633-34 (1993).  In prison disciplinary hearings, prisoners are only entitled to due process guarantees when the hearing may result in sanctions that infringe on constitutionally protected interests. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). These interests are generally limited to sanctions that affect the *quantity* of time served by a prisoner, not the condition. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Therefore, to state a claim for federal habeas corpus relief, Petitioner must show he was denied due process in a disciplinary action which resulted in sanctions affecting the duration of his sentence.  Privilege and recreation limitations and adjustments to a prisoner's classification also do not implicate due process.  *Madison*, 104 F.3d at 768; *see also Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000). To the extent Petitioner asserts his line class status affects his ability to appear before the parole board, the restrictions on Petitioner are mere changes in conditions of confinement and do not pose significant hardships beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768.  Release on parole is entirely speculative, therefore, there is no constitutional expectancy of parole in Texas. *Id.*  As

such, sanctions imposed on Petitioner, including a reduction in line class, do not implicate due process concerns and do not require federal habeas corpus relief. *See Luken v. Scott*, 71 F.3d 192, 193-195 (5th Cir. 1995) (changes to line classification are not challengeable in federal habeas corpus as the "mere opportunity to earn good-time credits [does not] create a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause"); *see also Malchi*, 211 F.3d at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their *previously earned* good-time credit).  Therefore, Petitioner's loss of commissary, telephone privileges as well as his reduction in line class status do not implicate the Due Process Clause.

Assuming Petitioner has a Constitutionally protected interest in the loss of good time days, he has failed to establish a due process violation.  Petitioner alleges:  (1) his substitute counsel failed to call or to obtain a written statement from a requested witness; (2) there was insufficient evidence to support the charges; and (3) the punishment he received was excessive.  (D.E. 1, Pages 7-9 and 11).  The disciplinary hearing records show the hearing officer stipulated to the testimony of the witness Petitioner requested, the victim of the attack.  (D.E. 9-1, Page 4).  Specifically, the hearing officer found it "would endanger" the victim to interview him and so the hearing officer stipulated the victim would testify as Petitioner stated he would:  that during the attack, Petitioner was only trying to pull another inmate off of him.  (D.E. 9-2, Page 4).[3]  Therefore, Petitioner

---

[3]Petitioner alleged at the time of the incident that he did not enter the victim's cell and was just standing by the door but later, after video surveillance was reviewed by the charging officer, he alleged he did go into the cell but it was to protect the victim.  (D.E. 9-2, Pages 4 and 10).

fails to identify a due process violation as the victim's testimony was considered by the hearing officer.   Further, federal habeas review of the sufficiency of evidence in disciplinary determinations is extremely limited as due process is satisfied when there is "some evidence" to support the disciplinary finding.   *Broussard v. Johnson*, 253 F.3d 874, 876 (5th Cir. 2001) ("Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision.") "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson,* 242 F.3d 534, 537 (5th Cir. 2001).   The information provided in a written incident report standing alone can satisfy the "some evidence" standard.   *Id*. at 536–537; *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 456 (1985) ("The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.") (internal citations omitted).   Here, the determination was supported by the offense report written by the charging officer as well as the charging officer's testimony at the hearing that Petitioner, along with two other offenders, watched and waited until the correctional officers were not looking and then all three rushed into the victim's cell where the victim then sustained injury. Accordingly, this constitutes sufficient evidence to support the hearing officer's finding of guilty.   As to Petitioner's claim his punishment was excessive because he received the maximum sentence, Petitioner has provided no support for this conclusory allegation.

*Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (A conclusory allegation does not raise a constitutional issue in habeas proceedings). Accordingly, the undersigned recommends Petitioner's claims also fail on the merits.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner

9 / 11

to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).  It is respectfully recommended that reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## VI.    RECOMMENDATION

For the reasons stated below, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** (D.E. 11) and that this habeas petition be **DISMISSED**.  Additionally, it is respectfully recommended that Petitioner be **DENIED** a certificate of appealability.

ORDERED this 20th day of April, 2020.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).